IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TICOR TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION | ) ) ) | CASE NO. 1:09CV0775 |
| Plaintiff | ) ) | |
| -vs- | ) ) | JUDGE GWIN MAGISTRATE JUDGE GALLAS |
| TITLE ASSURANCE & INDEMNITY CORPORATION OF NORTH AMERICA, ET.AL. | ) ) ) | DEFENDANT RANDY A. PITTMAN'S ANSWER, |
| Defendants. | ) ) ) | COUNTERCLAIM AND <u>CROSSCLAIM</u> |

ANSWER

1. Defendant Pittman admits the allegations contained in paragraphs one (1) through nine (9) of plaintiff's complaint.

2. Defendant Pittman denies the allegations contained in paragraphs ten (10) through thirty-four (34) of plaintiff's complaint for lack of knowledge sufficient to form a belief as to the truth or falseness of said allegations.

3. Defendant Pittman admits paragraphs thirty-five (35) through forty (40) of plaintiff's complaint.

4. Defendant Pittman admits that portion of paragraph forty-one (41) of plaintiff's complaint which states that Ticor investigated defendant Pittman's claim and denied it, but, denies that the basis for rejecting the claim are valid.

5. Defendant Pittman admits paragraphs forty-two (42) and forty-three (43) of plaintiff's complaint.

6. Defendant Pittman denies paragraphs forty-four (44) through fifty (50) of plaintiff's complaint for lack of knowledge sufficient to form a belief as to the truth or falseness of said allegations.

7. Defendant Pittman denies paragraph fifty-one (51) A-G of plaintiff's complaint for lack of knowledge sufficient to form a belief as to the truth or falseness of said allegations but, admits paragraph fifty-one (51) H of the complaint in so far as it relates to defendant Pittman's claim that defendant Title Assurance did not payoff the mortgage on the sale of real property as described in the "Pittman Transaction" as stated in paragraphs thirty-five (35) through forty-four (44) of plaintiff's complaint.

8. Defendant Pittman denies paragraphs fifty-two (52) through ninety-four (94) of plaintiff's complaint for lack of knowledge sufficient to form a belief as to the truth or falseness of said allegations.

9. Defendant Pittman admits and denies the allegations contained in paragraph ninety-five (95) as previously indicated above responds further:

10. Defendant Pittman admits the allegations contained in paragraph ninety-six (96) of plaintiff's complaint.

11. Defendant Pittman denies paragraph ninety-seven (97) of plaintiff's complaint for lack of knowledge sufficient to form a belief as to the truth or falseness of said allegation.

12. Defendant Pittman denies the allegations contained in paragraph ninety-eight (98) of plaintiff's complaint.

13. Defendant Pittman admits the allegations contained in paragraphs ninety-nine (99) and one hundred (100) of plaintiff's complaint.

THEREFORE, having fully answered plaintiff's complaint defendant Pittman moves that this lawsuit proceed on his counterclaim and crossclaim which is stated as follows:

## COUNTERCLAIM

## THE PARTIES

1. Defendant/counterclaimant, Randy A. Pittman,( hereinafter referred to as "Pittman"), is a citizen of Cleveland, Ohio and at all times relevant hereto he was the owner of real property located at 21007 Clare Avenue, Maple Heights, Ohio.

2. Ticor Title Insurance Company, ("Ticor"), is a national insurance underwriter. It is a California corporation with its principal place of business in Jacksonville, Florida. It is licensed with the Ohio Department of Insurance and is registered with the Ohio Secretary of State to conduct business in the State of Ohio.

3. Defendant Title Assurance & Indemnity Corporation of North America, LLC, (hereinafter referred to as Title Assurance), is an Ohio corporation with its principal place of business in Cleveland, Ohio. Title Assurance provides various services in connection with real

estate transactions in Ohio. At all times relevant hereto, Title Assurance served as the escrow/closing agent for the sale of defendant Pittman's real property located at 21007 Clare Avenue, Maple Heights, Heights, Ohio.

4. Defendant Jacob C. Showalter (hereinafter referred to as Showalter), is an Ohio resident. At all times relevant hereto this defendant was an employee and principal of Title Assurance and acted in the scope of his employment with Title Assurance. Further, Showalter also acted personally in his conduct in perpetuating the fraud and theft to be detailed in Pittman's crossclaim.

5. Defendant Anthony L. Viola, (hereinafter referred to as "Viola"), is an Ohio resident. At all times relevant hereto this defendant was an employee and principal of Title Assurance and acted within the scope of his employment with Title Assurance. Further, Viola also acted personally in his conduct in perpetuating the fraud and theft to be detailed in Pittman's crossclaim.

**JURISDICTION AND VENUE**

6. Under 28 U.S.C. §1367, this Court has supplemental jurisdiction over the counterclaims and crossclaims alleged by defendant Pittman. Further, under 28 U.S.C. §1332, this Court has subject matter jurisdiction over the counterclaims and crossclaims of defendant Pittman. These actions are among citizens of different States and the amount in controversy, exclusive of costs and interest, exceeds $75,000.00.

4

**NATURE OF ACTION**

7. Defendant Pittman's counterclaim and crossclaim involve acts of negligence, fraudulent real estate transactions, fraud, theft, conversion and damage to defendant Pittman's financial and credit life.

**CROSSCLAIM**

**COUNT I**

**(FIDUCIARY CAPACITY OF TITLE ASSURANCE, SHOWALTER AND/OR VIOLA)**

8. In or about June, 2008 or July, 2008, defendant Randy A. Pittman contracted to sell real estate which he owned to an individual named Alita Cauley. The real property was located at 21007 Clare Avenue, Maple Heights, Ohio. The sale price was for $101,093.00. Alita Cauley obtained a loan from Wells Fargo Bank, N.A., to purchase the property.

9. At the time the transaction was to close, to wit: on or about July 10, 2008, Pittman owed a first mortgage on the property to Option One Mortgage Corporation and the payoff of said mortgage was part of the sales agreement.

10. Defendant Title Assurance served as the escrow/closing agent for the Pittman sale. Defendants Showalter and/or Viola were the actual individuals doing the closing and were principal owners of Title Assurance. They acted in a fiduciary capacity on behalf of Pittman in their dealings with the sale of the subject property and were licensed by the State of Ohio to act in such capacity pursuant to Ohio Revised Code sections 3953.01 et.seq. and 1735.01 et.seq.

11. At all times material to this transaction, defendants Title Assurance, Showalter and/or Viola, were authorized agents of defendant Ticor and were authorized to issue title insurance policies and closing protection insurance underwritten by Ticor.

12. One of the contracted responsibilities of Title Assurance as escrow/closing agent, was to pay off the first mortgage owed by Pittman to Option One Mortgage Corporation.

13. Defendant Ticor issued a policy of title insurance and closing protection coverage through Title Assurance as its authorized agent; said policies were paid for by purchaser Alita Cauley and defendant Pittman.

14. Pittman states that on July 11, 2008, a document purporting to be an "Assignment" was recorded at the Cuyahoga County Recorder's Office which purported to assign the interest of Option One Mortgage Corporation in the Pittman first mortgage over to Investech Mortgage Securities Corporation. This alleged assignment was signed by a Christina Allen, V.P. on July 8, 2008 in the State of Minnesota. The mortgage was subsequently transferred back to Option One Mortgage Corporation after the Pittman sale was supposed to have been completed.

15. Pittman states that the mortgage he owed to Option One Mortgage Corporation has never been paid although Title Assurance, Showalter and/or Viola received the purchase money from the Cauley's lender.

16. Pittman states that as a result of the failure of defendants Title Assurance, Showalter and Viola in not paying off the first mortgage owed by Pittman, and in failing to carry out their fiduciary duty to Pittman as provided by Ohio law, he has suffered damages, both

compensatory and punitive, a loss of his good credit rating, as well as attorney fees and expenses, in an amount of money exceeding One Hundred Thousand dollars ($100,000.00).

## COUNT II

### (FRAUD AGAINST TITLE ASSURANCE, SHOWALTER AND VIOLA)

17.     Counterclaimant realleges all that has been stated in **COUNT I** above as if though here fully rewritten and states further:

18.     Pittman states that beginning as early as July, 2008, and continuing until the present, he continued to receive monthly mortgage billing statements from American Home Mortgage Servicing, Inc., (the mortgage servicing company for Option One Mortgage Corporation), indicating that his mortgage had not been paid and was seriously in arrears.

19.     Pittman states that he contacted Title Assurance, Showalter and/or Viola to inquire as to why the mortgage had not been paid. On each contact, either by letter, phone call or in person, Pittman was informed by Title Assurance and specifically Showalter, that the mortgage had been paid in full and gave to Pittman documents from The Huntington National Bank which purported to show that Title Assurance, through Showalter, had wire transferred the $101,093.97 mortgage payment to a company named Riviera Funding LLC, who allegedly has an address in Strongsville, Ohio and Wilmington, Delaware. This company had and has no interest in the Pittman mortgage to Option One Mortgage Corporation. All efforts to contact this company were futile.

20.     Pittman states that Title Assurance, Showalter and/or Viola willfully, wantonly and with malice and with fraudulent intent, stole and/or converted and or otherwise improperly disposed of the mortgage pay off money in order to enrich themselves by virtue of

7

their scheme(s) to make it appear that they had in fact performed their responsibility to pay off the Pittman mortgage.

21. Pittman states that as a result of the willful, wanton, malicious and fraudulent conduct of Title Assurance, Showalter and/or Viola, he has suffered damages, both compensatory and punitive, including attorney fees and expenses, in an amount which exceeds One Hundred Thousand dollars ($100,000.00).

## COUNT III

### (COUNTERCLAIM AGAINST TICOR)

Pittman realleges all that has been stated in **COUNTS I and II** above as if though her fully rewritten and states further:

22. Pittman states that as a result of the failure and refusal of defendant Ticor to pay off the mortgage he owes to Option One Mortgage Corporation under it's title insurance policy and/or closing protection coverage, and after having made due demand to Ticor to do so, he has suffered damages, both compensatory and punitive, as well as attorney fees and expenses In an amount exceeding One Hundred Thousand dollars ($100,000.00).

WHEREFORE, defendant Pittman respectfully requests that judgment be granted in his favor against the defendants:

A. Awarding Pittman judgment and damages, including compensatory and punitive damages, as well as attorney fees and expenses, as to **COUNTS I and** II, against defendants Title Assurance, Showalter and Viola, jointly and/or severally, in an amount this Court deems just and appropriate and which exceeds $100,000.00; and

B.      For judgment and damages, including compensatory and punitive damages, as well as attorney fees and expenses, as to **COUNT** III, against defendant Ticor, in an amount this Court deems just and appropriate and which exceeds $100,000.00; and

C.      For any other relief, both legal and equitable, to which defendant Pittman is entitled and which this Court deems appropriate under the circumstances.

**JURY DEMAND**

Defendant Pittman demands a trial by the maximum number of jurors allowed by federal law in this matter and as to all issues herein

Respectfully submitted,

/s/ Michael L. Belcher
Michael L. Belcher (0025174)
75 Public Square, Suite 910
Cleveland, Ohio 44113
216/6596-5887
Email: Belchermbelcher@aol.com

**CERTIFICATE OF SERVICE**

A true copy of the foregoing Defendant Randy A. Pittman's Answer, Counterclaim And Crossclaim was served upon the following by the Court's Electronic Filing System on May 13, 2009:

HAHN LOESER & PARKS LLP

Robert J. Fogarty, Esq.
Steven A. Goldfarb, Esq.

Derek E. Diaz, Esq.
Sara A Stahley, Esq.

Attorneys for Ticor Title Insurance Company

    And

SMITH AND CONDENI CO., L.P.A.

Robert B. Kapitan, Esq.
Joseph A. Condeni, Esq

Attorneys for Jacob Showalter

And to
 Anthony L. Viola
815 Superior Avenue, 16th Floor
Cleveland, Ohio 44114

via regular U.S. mail, postage prepaid.

                Respectfully submitted,


                /s/ Michael L. Belcher
                   Attorney for Defendant Randy A. Pittman