IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| TICOR TITLE INSURANCE CO., | ) CASE NO.: 1:09 CV 0775 |
| ) | |
| Plaintiff, | ) **JUDGE GWIN** |
| ) | |
| v. | ) |
| ) | |
| TITLE ASSURANCE & INDEMNITY CORP. OF NORTH AMERICA, LLC. et al., | ) **DEFENDANT JACOB SHOWALTER'S ANSWER AND CROSS-CLAIM** |
| ) | |
| Defendants. | ) |

Now comes Defendant Jacob Showalter, by and through undersigned counsel, and for his Answer to Plaintiff's Complaint states as follows:

**FIRST DEFENSE**

1. Defendant admits the allegations contained in Paragraphs 1, 2 and 3 of Plaintiff's complaint.

2. Defendant admits that Anthony L. Viola is an Ohio resident and former employee and principal of Title Assurance but denies the remaining allegations contained in Paragraph 4 of Plaintiff's complaint.

3. Defendant admits the allegations contained in Paragraphs 5 of Plaintiff's complaint.

4. Defendant admits the allegations contained in Paragraphs 6 and 7 of Plaintiff's complaint.

5. Defendant denies the allegations contained in Paragraphs 8 of Plaintiff's complaint.

6. Defendant admits the allegations contained in Paragraphs 9, 10, 11, 12, 13, 14 and 15 of Plaintiff's complaint.

7. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 16, 17, 18, and 19 of Plaintiff's complaint.

8. Defendant admits the allegations contained in Paragraphs 20 of Plaintiff's complaint.

9. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 22 and 23 of Plaintiff's complaint.

11. Defendant denies the allegations contained in Paragraphs 24 and 25 of Plaintiff's complaint.

12. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 26 and 27 of Plaintiff's complaint.

13. Defendant denies the allegations contained in Paragraphs 28, 29, 30 and 31 of Plaintiff's complaint.

14. Defendant admits the allegations contained in Paragraph 32 of Plaintiff's complaint.

15. Defendant denies the allegations contained in Paragraphs 33 and 34 of Plaintiff's complaint.

16. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45 and 46 of Plaintiff's complaint.

17. In answer to Paragraph 47 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 16 above as though fully pleaded herein.

18. Defendant admits the allegations contained in Paragraph 48 of Plaintiff's complaint.

19. Defendant admits the allegations contained in Paragraph 49 Plaintiff's complaint.

20. Defendant denies the allegations contained in Paragraphs 50, 51, 52 and 53 of the Plaintiff's complaint.

21. In answer to Paragraph 54 of Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 20 above as though fully pleaded herein.

22. Defendant denies the allegations contained in Paragraphs 55, 56, 57, 58 and 59 of Plaintiff's complaint.

23. In answer to Paragraph 60 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 22 above as though fully pleaded herein.

24. Defendant denies the allegations contained in Paragraphs 61, 62 and 63 of Plaintiff's complaint.

25. Defendant admits the allegations contained in Paragraph 64 of Plaintiff's complaint.

26. Defendant denies the allegations contained in Paragraphs 65, 66, 67, 68, 69 and 70 of Plaintiff's complaint.

27. In answer to Paragraph 71 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 26 above as though fully pleaded herein.

28. Defendant denies the allegations contained in Paragraphs 72, 73, 74, 75, 76, 77, 78 and 79 of the Plaintiff's complaint.

29. In answer to Paragraph 80 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 28 above as though fully pleaded herein.

30. Defendant denies the allegations contained in Paragraphs 81, 82 and 83 of the Plaintiff's complaint.

31. In answer to Paragraph 84 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 30 above as though fully pleaded herein.

32. Defendant denies the allegations contained in Paragraphs 85, 86 and 87 of the Plaintiff's complaint.

33. In answer to Paragraph 88 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 32 above as though fully pleaded herein.

34. Defendant denies the allegations contained in Paragraphs 89 and 90 of Plaintiff's complaint.

35. In answer to Paragraph 91 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 34 above as though fully pleaded herein.

36. Defendant admits the allegations contained in Paragraph 92 of Plaintiff's complaint.

37. Defendant denies the allegations contained in Paragraphs 93 and 94 of Plaintiff's complaint.

38. In answer to Paragraph 95 of the Plaintiff's complaint, Defendant incorporates by reference Paragraphs 1 through 37 above as though fully pleaded herein.

39. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of Plaintiff's complaint.

40. Defendant admits the allegations contained in Paragraphs 97, 98 and 99 of Plaintiff's complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraphs 100 and 101 of Plaintiff's complaint.

42. Defendant denies the allegations contained in Paragraph 102 of Plaintiff's complaint.

43. Defendant denies that the Plaintiff is entitled to the judgment in its favor or for any of the relief requested in the Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

44. Defendants incorporate by reference all allegations, answers and defenses set forth in paragraphs 1 through 43 above as if fully rewritten herein.

45. Plaintiff has failed to state claims upon which relief can be granted.

46. Plaintiff's claims are barred by the applicable statute of frauds.

47. Plaintiff's claims are barred due to insufficiency of process and service of process.

48. Plaintiff failed to join a necessary party.

49. Plaintiff's claims are barred by the doctrines of unclean hands, estoppel and waiver.

50. Defendant reserves the right to supplement these affirmative defenses as further defenses become known.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the Complaint against him be dismissed with prejudice at Plaintiff's costs and also pray for such other and further relief as this Court deems just and equitable.

### CROSS-CLAIM

Now comes the Defendant Jacob C. Showalter ("Showalter"), by and through undersigned counsel, and for his cross-claim states the following:

1. Showalter incorporates by reference all allegations, answers and defenses set forth in paragraphs 1 through 50 of the preceding Answer as if fully rewritten herein.

2. Defendant Anthony L. Viola ("Viola") was a co-owner or partner of Defendant Title Assurance & Indemnity Corp. of North America, LLC ("Title Assurance") along with Showalter.

3. Viola mismanaged the business affairs of Title Assurance by various acts, including but not limited to, improperly removing funds from Title Assurance's escrow account, claiming improper business expenses, and otherwise manipulating Title Assurance's assets in an effort to increase his own income while decreasing Showalter's income.

### COUNT ONE
### BREACH OF FIDUCIARY DUTY

4. Showalter incorporates by reference all allegations, answers and defenses set forth in paragraphs 1 through 4 of the Crossclaims as if fully rewritten herein.

5. As a co-owner or partner of Title Assurance, Viola owed a fiduciary duty to Showalter.

6. As a direct and proximate result of Viola's wrongful, tortuous, and bad-faith conduct in performing the acts alleged above, Showalter suffered, and will continue to suffer, economic and non-economic injuries.

7. Because Viola's conduct demonstrates malice and/or bad faith Showalter is entitled to recover from Viola both compensatory and punitive damages.

## COUNT TWO
## CONVERSION

8. Showalter incorporates by reference all allegations, answers and defenses set forth in paragraphs 1 through 7 of the Crossclaims as if fully rewritten herein.

9. Through the commission of the illegal acts alleged above, Viola knowingly controlled and exercised dominion over money that was the property of Showalter.

10. As a direct and proximate result of Viola's wrongful, tortuous, and bad-faith conduct in performing the acts alleged above, Showalter suffered, and will continue to suffer, economic and non-economic injuries.

WHEREFORE, Jacob Showalter respectfully requests that a judgment be granted in his favor against Anthony L. Viola and award Jacob Showalter compensatory damages, punitive damages, attorneys' fees, expenses and costs of suit, and for such other relief as the Court deems just, all in an amount in excess of $100,000.00.

## JURY DEMAND

Pursuant to the Federal Rules of Civil Procedure, Jacob Showalter demands a trial by jury on all issues so triable.

Respectfully submitted,

*SMITH AND CONDENI LLP*

/s/ Robert B. Kapitan_____
ROBERT B. KAPITAN (0074327)
JOSEPH A. CONDENI (0030275)
600 Granger Road, Second Floor
Cleveland, OH 44131
Phone: (216) 771-1760
Fax:     (216) 771-3387
E-mail:  rob@smith-condeni.com
              joe@smith-condeni.com

Attorneys for Jacob Showalter

## **CERTIFICATE OF SERVICE**

A copy of the foregoing was filed electronically on May 18, 2009. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Robert B. Kapitan_____