IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TICOR TITLE INSURANCE COMPANY, A CALIFORNIA CORPORATION | ) ) ) | CASE NO.: 1:09CV0775 |
| PLAINTIFF, | ) ) ) | |
| Vs | ) ) ) ) | JUDGE GWIN MAGISTARTE GALLAS |
| TITLE ASSURANCE & INDEMNITY CORPORATION OF NORTH AMERICA, ET AL, | ) ) ) | **DEFENDANT ANTHONY VIOLA'S ANSWER,** |
| DEFENDANTS | ) ) ) ) | **AFFIMATIVE DEFENSES, COUNTERCLAIM AND CROSS-CLAIM COMPLAINT** |

Now comes Defendant, Anthony Viola, by and through authorized counsel, Anthony L. Ania, and for his Answer to Plaintiff's Complaint states as follows:

1.      Defendant admits the allegations contained in Paragraphs 1 & 2 of the Plaintiff's Complaint.

2.      Defendant admits the portion of Paragraph 3 of Plaintiff's Complaint that states that Defendant Jacob C. Showalter is an Ohio resident and an employee and the principal of Title Assurance, but Defendant Viola specifically denies the portion of Paragraph 3 of the Plaintiff's Complaint that states that Defendant Showalter was acting within the scope of his employment.

3.      Defendant  admits the portion of Paragraph 4 of Plaintiff's Complaint that states that Defendant Anthony L. Viola is a resident of Ohio, but denies the remaining allegations in Paragraph 4 of the Plaintiff's Complaint.

4.      Defendant admits the allegations contained Paragraphs 5, 6, & 7 of the Plaintiff's Complaint.

5.      Defendant denies the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

6.      Defendant admits the allegations contained in Paragraphs 9 & 10 of Plaintiff's Complaint.

7.      Defendant admits the portion of Paragraph 11 as it pertains to personal liability for the negligent failure of Title Assurance to comply with the terms of the Agency Contract, but this answering Defendant specifically denies that he has agreed to be personally liable for fraudulent actions committed by

Co-Defendant Jacob Showalter to which this answering Defendant was not aware of at the time said acts were committed.

8.     Defendant admits the allegations contained in Paragraphs 12, 13, 14 & 15 of the Plaintiff's Complaint.

9.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 16, 17, 18 & 19 of the Plaintiff's Complaint and as such denies same.

10.     Defendant admits the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

11.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 21, 22, 23, 24, 25, 26 & 27 of the Plaintiff's Complaint and as such denies same.

12.     Defendant denies the allegations contained in Paragraphs 28, 29, 30 & 31 of the Plaintiff's Complant.

13.     Defendant admits the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

14.     Defendant admits the allegations contained in Paragraphs 33 & 34 to the point that Defendant Jacob Showalter admitted that he forged various title insurance documents and that he had done so without the knowledge or participation of this answering Defendant.

15.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraphs 35, 36,37,38,39, 40, 42, 42, 43, 44, 45 & 46 of the Plaintiff's Complaint and as such denies same.

16. In answering Paragraph 47 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 15 of this Answer as if fully rewritten herein.

17.     Defendant admits the allegations contained in Paragraph 48 of Plaintiff's Complaint.

18.     Defendant admits the portion of Paragraph 49 as it pertains to personal liability for the negligent failure of Title Assurance to comply with the terms of the Agency Contract, but this answering Defendant specifically denies that he has agreed to be personally liable for fraudulent actions committed by Co-Defendant Jacob Showalter to which this answering Defendant was not aware of at the time said acts were committed.

19.     Defendant denies the allegations contained in Paragraphs 50, 51, 52, & 53 of the Plaintiff's Complaint.

20.     In answering Paragraph 54 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 19 of this Answer as if fully rewritten herein.

21.     Defendant denies the allegations contained in Paragraphs 55, 56, 57, 58 & 59 of the Plaintiff's Complaint.

22.     In answering Paragraph 60 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 21 of this Answer as if fully rewritten herein.

23.     Defendant denies the allegations contained in Paragraphs 61, 62 & 63 of Plaintiff's Complaint.

24.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 64 of Plaintiff's Complaint and as such denies same.

Defendant denies the allegations contained in Paragraphs 65, 66, 67, 68, 69 & 70 of the Plaintiff's Complaint.

25.     In answering Paragraph 71 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 24 of this Answer as if fully rewritten herein.

26.     Defendant denies the allegations contained in Paragraphs 72, 73, 74, 75, 76, 77, 78, & 79 of the Plaintiff's Complaint.

27.     In answering Paragraph 80 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 26 of this Answer as if fully rewritten herein.

28.     Defendant denies the allegations contained in Paragraphs 85, 86 & 87 of Plaintiff's Complaint.

29.     In answering Paragraph 88 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 28 of this Answer as if fully rewritten herein.

30.     Defendant denies the allegations contained in Paragraphs 89 & 90 of Plaintiff's Complaint.

31.     In answering Paragraph 91 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 30 of this Answer as if fully rewritten herein.

32.     Defendant admits the allegations contained in Paragraph 92 of Plaintiff's Complaint.

33.     Defendant denies the allegations contained in Paragraphs 93 & 94 of Plaintiff's Complaint.

34.     In answering Paragraph 95 of the Plaintiff's Complaint, Defendant incorporates by reference Paragraphs 1 through 33 of this Answer as if fully rewritten herein.

35.     Defendant is without knowledge sufficient to admit or deny the allegations contained in Paragraph 96 of Plaintiff's Complaint and as such denies same.

36.     Defendant admits the allegations contained in Paragraph 97 of Plaintiff's Complaint.

37.     Defendant is without sufficient knowledge to admit or deny the allegations contained in Paragraph 98 of Plaintiff's Complaint and as such denies same.

38.     Defendant admits the allegations contained in Paragraph 99 of Plaintiff's Complaint.

39.     Defendant is without sufficient knowledge to admit or deny the allegations contained paragraphs 100 & 101 of Plaintiff's Complaint and as such denies same.

40.     Defendant denies the allegations contained in Paragraph 102 paragraph Plaintiff's Complaint.

41.     Defendant denies that the Plaintiff is entitled to judgment in its favor or for any of the relief requested in the Prayer for relief.

## AFFIRMATIVE DEFENSES

42.     Defendant incorporates by reference all of the allegations, answers, denials and defenses set forth in Paragraphs 1 through 41 of this Answer as if fully rewritten herein.

43.     Plaintiff's Complaint has failed to state a claim upon which relief may be granted.

44.     Plaintiff has failed to join a necessary party.

45.     Insufficiency and service of process.

46.     Plaintiff's claims are barred by the doctrine of estoppels and waiver.

47.     Defendant reserves the right to supplement these affirmative defenses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendant prays that the Complaint against him be dismissed with prejudice at Plaintiff's costs and also for attorney fees and for any other relief that this Court deems just and equitable.

## COUNTERCLAIM

1.      Now comes Defendant Anthony Viola, by and through counsel, and for his Counterclaim states as follows:

2.      Defendant Viola incorporates by reference all of the allegations, answers, denials and defenses set forth in Paragraphs 1 through 47 of the preceding Answer as if fully rewritten herein.

3.      At all times relevant herein, Defendant Viola states that he was a minority interest holder in Defendant Title Assurance & Indemnity Corporation of North America and was in no way involved in the day to day operations of said entity.

4.      At all times relevant hereto, Plaintiff Ticor Title Insurance Company owed Defendant Viola a fiduciary duty that included personally notifying him of any improprieties that Plaintiff Ticor believed were taking place in violation of the November 17, 2006 agency contract.

5.      Defendant Viola states that despite suspecting wrong doing on the part of Defendant Jacob Showalter, Plaintiff Ticor failed to inform Defendant Viola of any negligent, improper, or fraudulent transactions.

6.      Defendant states that the failure on the part of Plaintiff Ticor to notify Defendant Viola of situations that Plaintiff Ticor believed were in violation of the November 17, 2006 agency contract constitutes a violation of the fiduciary duty owed to Defendant Viola by Plaintiff Ticor.

7.      As a direct and proximate result of Plaintiff Ticor's violation of its fiduciary duty to Defendant Viola, Defendant Viola has sustained significant financial loss.

WHEREFORE, Defendant Viola respectfully requests that judgment be granted in his favor against the Plaintiff in an amount in excess of $25,000.00 together with attorney fees and costs of this action.

## CROSS-CLAIM AGAINST DEFENDANT JACOB SHOWALTER

1.      Defendant Viola incorporates by reference all of the allegations, answers, denials and defenses set forth in Paragraphs 1 through 47 of the preceding Answer and Paragraphs 1 through 7 of the preceding Counterclaim as if fully rewritten herein.

2.      At all times relevant hereto, Defendant Jacob Showalter was the principle of Defendant Title Assurance & Indemnity Corporation of North America. Defendant Showalter also was responsible for the day to day operations of Defendant Title Assurance.

3.      Defendant states that on several occasion he requested that Defendant Showalter provide him with documentation proving that Defendant Showalter was operating the aforementioned business within all legal and contract provisions. Defendant states further that Defendant Showalter failed to provide any such documentation.

4.      Defendant states that Defendant Showalter, acting solely on his own, did commit various acts of forgery and that Defendant Viola was not aware of.

5.      Defendant states further that Defendant Showalter owed a fiduciary duty to both Defendant Title Assurance and Defendant Viola, a duty that he did breach by committing various acts of fraud, improper use of the operating and escrow accounts of Defendant Title Assurance.

6.      Defendant states that the fraudulent actions of Defendant Showalter constitute actual malice and/or the conscious disregard for the rights of Defendant Viola.

7.      As a direct and proximate result of the actions and/or omissions of Defendant Showalter, Defendant viola has suffered  and will continue to suffer significant economic damages.

        WHEREFORE, Anthony Viola respectfully requests judgment be granted in his favor against Defendant Jacob Showalter in a sum in excess of $25,0000.00 in compensatory damages, a sum in excess of $25,000.00 in punitive damages together with attorney's fees, expenses, costs of this action and for any such relief that this Court deems just and equitable.

                Respectfully submitted,

/s/ Anthony L. Ania

Anthony L. Ania (0055161)
Ania & Associates, LLC
34501 Southside Park Drive
Solon, Ohio  44139
216.482.0259
440.815.2276 (F)
aania@roadrunner.com

**JURY DEMAND**

Pursuant to the Federal Rule of Civil Procedure, Anthony Viola demands a trial by jury on all issues.

/s/ Anthony L. Ania

Anthony L. Ania (0055161)
Ania & Associates, LLC
34501 Southside Park Drive
Solon, Ohio  44139
216.482.0259
440.815.2276 (F)
aania@roadrunner.com

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Defendant Anthony Viola' Answer, Affirmative Defenses, Counterclaim and Cross-claim* has been served via the Court's Electronic Court Filing System on May 25th , 2009.

/s/Anthony L. Ania
Anthony L. Ania (0055161)
Attorney for Defendant Anthony Viola